[No. 20496. In Bank. — July 1, 1889.]

## THE   PEOPLE, Respondent, *v.*   CHIN   BING QUONG, Appellant.

Criminal Law — Assault with Intent to Murder — Stabbing — Evidence — Res Gestæ. — When a defendant is accused of assault with a pistol with intent to commit murder, evidence is admissible to prove a stabbing by another party by direction of the defendant given at the time of the assault with the pistol, to show the intent with which the assault was made, and as part of the *res gestæ;* and it is not error to allow the knife with which the stabbing was done to be produced and exhibited in court.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Welles Whitman,* for Appellant.

*Attorney-General Johnson,* and *E. B. Stonehill,* for Respondent.

McFarland, J. — The defendant was charged with and convicted of the crime of an assault with intent to commit murder upon Ny Sam Ock, the assault being alleged to have been made with a pistol. The transcript contains only one ruling of the court to which exception was taken. There are no points and authorities or briefs on file; and there is no ground for reversing the judgment, unless the evidence is insufficient to justify the verdict, or the said ruling was erroneous.

1. The evidence was amply sufficient to support the verdict.

2. The ruling of the court excepted to was as follows: It was proven clearly that defendant and one Ung Wong approached or were near said Ock, when defendant drew a pistol and struck Ock with it, knocking him down. At the same time, the defendant directed Ung Wong to "stab him," which Wong then and there proceeded to

do, leaving the knife in Ock's body. At that moment two shots were fired, although it was not proven that defendant fired them. The court allowed proof of the stabbing, and allowed one of the witnesses who swore to it to produce the knife in court. And to this ruling appellant excepted.

There was no error in admitting evidence of the stabbing. In the first place, it tended to show the intent with which defendant made the assault; and in the second place, it was so inseparably mixed up with the transaction as to be necessarily a part of the *res gestæ.* Allowing the witness to exhibit the knife, after the facts as to the stabbing had been shown, was not important enough, under the circumstances, to merit discussion.

Judgment and order denying a new trial affirmed.

SHARPSTEIN, J., WORKS, J., THORNTON, J., and BEATTY, C. J., concurred.